And we'll turn to counsel in Leonard v. Planning Board of the Town of Unionvale. Afternoon, Your Honors. My name is Stephen Abia and I represent the appellants in this case. As the briefs indicate, it's a case of first impression. And the first issue that on which the whole appeal hinges is the fact that at the time when the negative declaration was adopted. Your clients still want to develop the property, don't they? Yes, Your Honor. Well, why is why why is this suit right right now? I mean, you can go and develop it, make your application and see if you can get your permit to develop the property. Because what what what what are your the issue is this? I know the issue is the is the rescission of the original negative declaration. But why is that? How does that defeat the rightness? Because lack of right. Because without a negative declaration, which is a final determination in the environmental review, there is a no right to proceed with the development of the project. Now, you have to submit a you have to go through the process of submitting environmental statements. Your Honor, the reason why we are before the court is that none of the reasons are used to rescind the negative declaration that was already in place. And that is that covers the entire project. There was no basis for that precision. I understand what you're saying, but there's no you weren't stopped from proceeding in the property to to to proceeding with the development. It wasn't as though they threw you out and said, under no circumstances, can you get can you develop this property? No, they just have a different path for you to do that. And so why is this case right to be adjudicated now when you haven't received when you haven't been told you can't develop the property? The reason why it is right is that the board has twice sought to stop the development of the project. It would be futile that for you to proceed further that you're not going to you're going to. It's readily apparent that the board would never grant you a permit. And therefore, since that's the case, then the case is effectively you've been effectively denied for all purposes. Your Honor, in fact, it is on the circuit. The district court found that at this point it would be futile to seek to go back to the board because they tried once in 2012 without giving any notice at all. But we don't know that we really mean it's speculative, really, isn't it, as to whether or not you could succeed or not? I mean, you're arguing that you have no they have no basis for turning you down. And if they turn you down, then you have a claim for to rectify that. Right. But they have they have turned down our application on the ground that sponsors. They haven't turned down your application. What they have done is they have said that the negative declaration is rescinded. That's not turning down your application. They haven't finally turned down your application. That is correct. Your Honor. And but for the purposes of a. Sure. Don't you wait until they do turn you down and then you see what are their reasons for doing that? And the fact is that the reasons are misguided and you have a clear right to have that have that permit. That's your argument. Then you make that argument at that time when the case is right after they turn you down. The problem with going into an environmental impact statement, Your Honor, is that as a case recently mentioned a. With respect to a draft environmental impact statement, which is what we would have to present, that draft environmental impact statement can be turned down any number of times and it can be resubmitted. And yes, a similar. So this is a convenient path for you to take. That's why you're doing this. Yes. You want to you want to get a reversal of the of the risk rescission so that you don't have to go through the hassle of an environmental. Which which in the circumstances of this case. But as a technical matter, I now understand this as a technical matter. You have not you have not had the application turned down. Your Honor, there are two different issues here. One is the plat application, which is the review of the proposed way in which the land will be subdivided. But the other issue is the environmental review itself, which is not a part of the plat review. It is pursuant to a separate a distinct statute and has a different set of rules. And the secret original secret review ended in a negative declaration, which determined that there would be no significant impact for the entire project, because the original review for environmental review purposes is a review that covers it. Isn't the way to proceed to get to us is just to get a final denial of the application. You know, that is true in state court. When an applicant in an initial review receives a negative, it receives a positive declaration that is not considered an actual injury. It is considered a part of the entire review of the. And why is that? Why is it? Why isn't that same in federal court? Because this negative declaration puts an end to the environmental review process, which is, as I said before. But they've rescinded it. So now now that's now the case is it looks in a different has a different posture. They've rescinded it. And you're saying you want a reversal of that so that you can go back to square one and get and not have to do the environmental review. They basically said, no, you've got to do the environmental review now. And and for whatever reasons, they've given change circumstances over time. And you're you're I mean, we haven't even gotten to the question of whether or not there is a property interest in the negative declaration, but we're looking primarily now at whether or not there's a rightness question here. And, you know, I mean, it might be helpful for the parties to address the rightness point. Your Honor, the. The reason why the what is in question here is the environmental review and whether the environmental review came to an end with the negative declaration and whether or not that environmental review was properly taken away. You can't argue, though, that they didn't have some authority in appropriate circumstances to rescind the negative declaration. I mean, that that can be done. That's there. There's nothing to prevent that. They don't want violating the law. The law doesn't mandate that there can be no decision. Your Honor, the law, the regulation that governs the decision is very tightly written. It has factual requirements and it has procedural requirements. The board did not fulfill either the factual requirements or the procedural requirements. And therefore, we find ourselves in a situation where we cannot proceed. And we are we have like when you receive because you can't proceed. We cannot proceed because this in the words of the New York Court of Appeals, the requirements to prepare an environmental impact statement imposes an injury. And at that point, we have the right to get a court review. An improper rescission of the negative declaration causes the injury because, again, in the words. You're saying that the right. Well, it's maybe right that you haven't been turned down. It may not be right. Case might not be right because you haven't been turned down. Ultimately, it is right if you just to challenge the rescission. Yes, because of the burden and the damages that that will that that are caused in the interim. If you go forward. Is that your point? Yes, sir. And it is an injury again in Gordon v. Rush. The Court of Appeals of New York said that it is an injury because it is expensive and time consuming. And it is also an expenditure and a consumption of time for which there is no reverse. So this imposes an actual injury upon us. And that is the reason why, under New York law, we have. Yes, your honor. Thank you. Your time is up. I've given you some extra time, but you reserve some time as well. Thank you. Thank you. Mr. Rice. Good afternoon. May it please the court. My name is Terry Rice. I represent the appellees in this matter. I was prepared to primarily address the property interest issue, which I thought was the primary issue for the court's review. Well, we argued that in district court that the case was not right. And the court rejected that contention based on the futility exception. But I would say that subsequent I believe it was subsequent to that. The appellate division. I'm sorry to take the back. The Supreme Court decided the Article 78 in the second Leonard case in which they challenged the rescission of the negative declaration. The state court found that all that the grounds were sufficient and adequate and that the the applicant had the procedural due process to which he was entitled. So I think that subsequent decision certainly takes away from any basis for arguing that there was futility in that matter. But the you do agree that the fact that they have to prepare an environmental impact statement now is a is a cost and a burden, which if wrongfully required, they could seek damages for. If they could put it into the context of the 1983 claim, they could seek damages. Certainly, I mean, as I would talk about it. So that's not the completion of the whole project. And that's just the interim stage. And you're saying that the case would be, in effect, right. But for that for that much. No, no, I'm not suggesting that rightness now. Not talking about the merits. I'm not suggesting. I agree with the analysis that I think you were proposing to the appellant that once you go go through the process, if you're wrongfully denied to the point that you could allege a viable due process claim, either substantive or procedural, then all the purported bad conduct that occurred previously would. So that would be the time to recover your damages. I believe that would be I think. And we talk about it in the context of the property interest issue in our brief here. But I think you can see that this is a very preliminary part of the process. And just like we're dealing with property interest. So what's the next step? If you if the board rescinds the negative declaration, what what is left to do? Then they have to do an environmental impact statement. Let me come at this in a slightly different way. Same question, I fear. On rightness. Does the board ever approve an application after rescinding a negative declaration? I. This particular board or in general? Any board. Sure. All that means is. And this is certainly an extreme example because it's a 25 year old negative declaration. But all that means is that the negative declaration that was adopted sometime in the past doesn't apply anymore. Because there have been changes of whatever nature. And so that means just like an applicant for a big project at the beginning would have to do an environmental impact statement. You go through the environmental impact process. And then the application, the subdivision application in this matter, is determined on the merits. You have another shot at the apple based on the revised or new environmental impact. Absolutely. So your answer is, yes, the board has approved an application after it's rescinded a negative declaration. They absolutely can. All that means is that the environmental analysis has to be done. And that and that truly is what's what's happening here. I mean, the planning board is just trying to do their job. It's a 25 year old subdivision. They're not saying that the original negative declaration was in error. They're saying that 25 years have gone by and circumstances have changed. Many circumstances have changed. The regulations have changed. The application has changed in certain respects. They're not saying we made a mistake. We're saying based on the information that we had way back then, we now have a different project, a different regulatory scheme. It's almost as if to describe it as a rescission is almost wrong. It's just update. Or we're not going to rely on this impact statement. This is 25 years later. Give us a new impact statement. They want to do the job. And that's really where the planning board started. Is that fair? Yes, that is correct. And that's really where the planning board started. When the application came in, they said this is a new action. This is a new application. And the court said, well, you know, there's no real provision for saying that a negative declaration just expires because of age or anything like that. Even though they thought it was a new application, the court said no. But I will say, and I was going to refer to some of the appellate division cases, the appellate division did say when they sustained the 1987 negative declaration as being applicable, but they said that doesn't answer it. Now you have an obligation to go back and consider whether or not it's still good because the regulations use the term must. So I agree with you, Your Honor. They're just trying to put it in the environmental context from the year that we're in now as opposed to 1987. Would you like to hear about property interest or we're not dealing with that today? Thank you, Your Honor. The appellant spends a great deal of time in the brief talking about the facts and how they consider the whole process to be factually and procedurally incorrect. And I think that the decisions of the courts as well as the record to the extent it's been developed factually since we're dealing with a motion to dismiss really repudiates that. It's irrelevant because on the property interest issue we're dealing with a question of law, the first being whether or not you can have a property interest in a step that leads to a land use approval. You dealt with that in Zara to some extent where you said that an inspection to get a permit is not something you have a property interest in. And in that decision you talked about the fact that if there was a property interest in that, then you'd have a myriad of civil rights claims based on different parts every step in the land use process. And you said that's not what a property interest is. Secondly, I think it's very clear that you can't have a property interest in a negative declaration because as we talked about it's subject under the regulations to rescission based on the criteria that's very discretionary. And as I mentioned before, the regulations say you must consider these things. So, Mr. Rice, how would you characterize, this is sort of an odd question perhaps, but how would you characterize the whole purpose of this litigation which has now gone on for quite some time? It has. I mean, what in your view, how would you characterize what the plaintiff's appellants are seeking? Is it simply to avoid an environmental impact? No. Judge, I can't put myself in their heads. I've wondered about it myself because had they just gone through with the process of any of these steps, they would have had a completed subdivision. They attribute all kinds of bad motives to the people serving on the boards here, which is not the case. So all of this would have been completed in your view as far as temporarily. I think it would have been. And so, you know, litigation is puzzling. I think, as I said before, that the planning board is just trying to do their job. I mean, there is a responsibility under the State Environmental Quality Review Act, and that's what they're trying to do. They're trying to get the information based on this subdivision and the environmental regulations that apply now to make a reasonable determination, and they're not against the project. I guess the district court came to a different conclusion, though. It said it would be futile. I'm glad you mentioned that, Judge. That was in the context, first of all, of the discussion of finality. And second of all, it was based on the allegations of the complaint because it was a motion to dismiss. We never put in any of the factual opposition to that. You know, it's a complaint. That's what you're alleging. And, in fact, when the state court actually did dig into the facts and had a full record in front of it, they rejected the appellant's contentions and found that the basis was there for the rescission of the negative declaration. Now, perhaps, again, putting yourself in your adversary's place, assume for the argument that they prevail here. What, in your view, is the remedy that they can obtain? What does it mean to succeed here? Well, in this particular court, because we're dealing solely with a due process damage claim here, then we're going to go back and do discovery, and they're going to have to try and establish, one, that the procedures violated the Constitution, which I don't see how they could since they had an Article 78. So this would all be an aid, as far as you can tell, an aid of a judgment for damages. This is all damages. The original petition and complaint had an Article 78 claim and a due process claim. I removed it from state court to federal court. The district court remanded the Article 78 claim to state court, which, as I said, the Supreme Court decided adverse to the appellant. And in the damage claim that's before you now, the court said there's no property interest. So we go back and we file an answer to discovery, if that's what this court believes. Thanks very much. Thank you, Your Honor. Mr. Andriagor? Your Honors, the state court's decision. What are you trying to achieve here? Your Honor? What are you trying to achieve here? What's the creedal language that you would seek from us? What we are trying to achieve is a determination by some court, hopefully this court, as did the district court, that the grounds alleged by the planning board to rescind the negative declaration were all false. That's the bottom line here. There was. And the purpose of doing that is so that you want to have the negative declaration reinstated. Is that right? Your Honor, in the state court we are pursuing that avenue as well because the trial court. What do you want here? We want to be compensated for the fact that we have had to carry the very heavy costs of carrying the property, and the reason we did not submit to the environmental impact statement process. Eventually you're going to get a development here. Either way. The other side is saying that if you hadn't brought this litigation, by now you'd have an approved subdivision. Your Honor. And that's one thing. Or if you win before us, then, you know, the negative declaration goes back into effect, and you go forward with the subdivision. Yes, Your Honor. And what it would enable us to do. It is easy to say, oh, they could have an approved project by now. But the answer, we have been there. And if there had been a real environmental impact, the sponsors would have sat down and modified the project to eliminate it. But you cannot do that when the grounds are fabricated. Well, your adversary is saying that things have changed in the last 25 years, and it's perfectly reasonable for a board to ask for an updated revised environmental impact statement to reflect the changes in secret. Your Honor, let me say this. Is that wrong or right? It is wrong, Your Honor, and I will tell you why. The town has a conservation advisory council that did a thorough job of consulting about this project. And they talked to DEC. The conservation advisory council has a statute authority to consult with DEC in order to address the concerns of the town. And the planning board requested that advice in a memorandum. DEC said, changes in regulation do not matter. Changes in regulation only make regulations tighter. And, therefore, you cannot have a significant impact arising from a change in regulations. And, furthermore, the circumstances of both attempts to dispose of the negative declaration were such that they suggest that we will be in an endless merry-go-round trying to get a final approval on the project and never getting to it. Let me go back to your point there. If, in fact, certain factors have to be taken into account as part of the environmental impact statement, and those factors were not present 25 years ago in the law, but now they are. Yes, Your Honor. Why wouldn't you have to go back and revisit those factors? Your Honor. Society has moved forward. Yes, Your Honor. You can do more things now. And as DEC pointed out, the project is now subject to every new regulation and to every new law. We don't try to grandfather anything. We will abide by every current regulation and more. And, you know, the size of the individual parcels in this project is over 25 acres. And there is absolutely no impact here. And we suspect, because of the circumstantial evidence that has accumulated, that there is undue influence in this board. It's going to be pretty easy for you to prepare an environmental impact statement based upon what you just said. There isn't going to be any. But you'll have to consider the various factors and take off the list of all of the things that are required to be considered. And then that will be your environmental impact statement. And at that point, I mean, you could have done that some time ago, probably, and we'd be much further along. No, Your Honor. Our experience is that that is not so. We tried to settle this case, and this was an endless chain of requests after request after request. And if we do not have a negative declaration, we will be placed on a merry-go-round where we will be going, you know, around and around and around forever. I'm sorry. On this. I need to understand this. Requests in connection with a new environmental impact statement? No. Requests on information on a road, requests on, actually, it was all requests of information on a road. So you're claiming that the board is not proceeding in good faith? That is correct, Your Honor. We are contending that. Thank you very much. We'll reserve the seat. You're very welcome, Your Honor. Thank you.